UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK MARTIN, | 1: 07 CV 0769 AWI  WMW HC |
|         Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
|   v. | [Doc. 10] |
| WARDEN IVAN D. CLAY, | |
|         Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On April 3, 1986, Petitioner pleaded guilty to three counts of assault with a deadly weapon, discharging a firearm at a residence, and receiving stolen property. He admitted two arming enhancements. The trial court sentenced Petitioner to serve a total determinate term of six years in state prison.

Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District.

The Court of Appeal affirmed the judgment in an unpublished decision entered March 24, 1987.

Petitioner subsequently filed eleven pro se state post-conviction petitions, filing the first petition in Stanislaus County Superior Court on June 10, 1999. Some of these petitions related to Petitioner's 1997 conviction of possession of ammunition by a person prohibited from possessing a firearm, two counts of exhibiting a weapon other than a firearm, and one count of leaving the scene of an automobile accident which caused property damage.[1]

Petitioner filed the present habeas corpus action on May 25, 2007.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

---

[1] The jury also found true the allegations that Petitioner had been released on bail at the time of the offenses, he had suffered three prior felony convictions within the meaning of California's Three Strikes Law, and he had served a prior prison term.

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's Motion to Dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, because Petitioner's conviction became final before the April 24, 1996 effective date of the statute of limitations, his federal habeas corpus petition was due one year from the effective date of the statute. Thus, absent tolling, the last day to file a federal petition was April 24, 1997. Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period). Petitioner filed the present action on May 25, 2007.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition
2  to file at the next appellate level reinforces the need to present all claims to the state courts first and
3  will prevent the premature filing of federal petitions out of concern that the limitation period will end
4  before all claims can be presented to the state supreme court.  <u>Id</u>. at 1005.  The limitations period
5  does not, however, toll for the time during which a petition for Writ of Habeas Corpus is pending in
6  federal court.  <u>Duncan v. Walker</u>, 121 S.Ct. 2120 (2001).

7        In this case, Petitioner did not file a state petition for post-conviction relief until June 10,
8  1999, more than two years after the statute of limitations expired.  Because the statute of limitations
9  had already expired, the state post-conviction petition had no tolling effect.  <u>Green v. White</u>, 223
10 F.3d 1001, 1003 (9th Cir.2000) (petitioner is not entitled to tolling where the limitations period has
11 already run).

12       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
13 prisoner's control" have made it impossible for the petition to be filed on time.  <u>Calderon v. U.S.
14 Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107
15 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); <u>Calderon v.
16 United States Dist. Court (Beeler)</u>, 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds
17 by*, <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that
18 "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if
19 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on
20 time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
21 file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v.
22 Prunty</u>, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* <u>Kelly</u>, 163 F.3d at 541; <u>Beeler</u>, 128 F.3d at
23 1288-1289.

24       In this case, Petitioner states that he did not discover his claims relating to his 1986
25 convictions until he was investigating the legality of his 1997.  Petitioner, however, does not
26 demonstrate that any extraordinary circumstances beyond his control prevented him from
27 discovering these claims earlier.

28       Petitioner also claims that he should be allowed to bypass the procedural bar of the

limitations period because he is actually innocent of the habitual criminal status which was found to be true in regard to his 1997 convictions.  Petitioner has not met the standard for actual innocence.  Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent."  <u>Bousley v. United States</u>, 118 S.Ct. 1604, 1611 (1998), *quoting*, <u>Murray v. Carrier</u>, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).   Petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty.  <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S.Ct. 851, 867-68 (1995).  Petitioner presents no such evidence.

       Base on the above, the court finds that Petitioner has failed to demonstrate that an extraordinary obstacle prevented him from timely filing his federal petition.  In addition, Petitioner has not acted diligently in pursuing his federal remedies.  The court therefore finds no basis for equitable tolling in this case.

       Finally, as Respondent argues, to the extent that Petitioner seeks to challenge his 1987 convictions as a basis for enhancing his 1997 convictions, those claims are barred by <u>Lackawanna v. Cross</u>, 532 U.S. 394, 402-404 (2001).  In that case, the Court held that if a prior conviction used to enhance a later sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant may not collaterally attack his prior conviction through a subsequent § 2254 petition.  The Court found that exceptions exist when there is a failure to appoint counsel in violation of the Sixth Amendment, when the state court refuses to rule on a properly presented Constitutional issue or when the defendant has compelling evidence that he is actually innocent.  None of those exceptions exist in the present case.

       In conclusion, the court finds that this petition is untimely and therefore barred by the statute of limitations.  The court therefore RECOMMENDS as follows:

1)   that Respondent's motion to dismiss be GRANTED;

2)   that this petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations;

3)   that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 23, 2008**                       /s/  **William M. Wunderlich**
                                                        UNITED STATES MAGISTRATE JUDGE