UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK MARTIN, | 1: 07 CV 0769 AWI WMW HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 10, 16] |
| WARDEN IVAN D. CLAY, | |
| Respondent. | ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 23, 2008, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on July 2, 2008.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the findings and recommendations

to be supported by the record and by proper analysis.  The points raised in the objections were addressed and rejected by the Magistrate Judge.  As explained by the Magistrate Judge, in <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394 (2001), the United States Supreme Court specifically held that once a prior state conviction is no longer open to direct or collateral attack, it is "conclusively valid," and a petitioner may not challenge a the fact his current sentence was enhanced on the ground that the prior conviction, which was used to enhance the current sentence, was unconstitutional.  <u>Id</u>. at 404.

        Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

    In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

    Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)     The findings and recommendations issued by the Magistrate Judge on May 23,  2008, are a adopted in full;

2)     Respondent's motion to dismiss is GRANTED;

3)     This petition for writ of habeas corpus is DISMISSED;

4)   A certificate of appealability is DENIED; and

5)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   July 16, 2008**                             /s/ Anthony W. Ishii
                                                                 CHIEF UNITED STATES DISTRICT JUDGE